UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDREW W. BAXTER,

                Plaintiff,                     **DECISION AND ORDER**

     v.                                                  6:22-CV-06561 EAW

N. VESPA and M. OVERHOFF,

                Defendants.

_____

## INTRODUCTION

*Pro se* plaintiff Andrew W. Baxter ("Plaintiff") brings this action under 42 U.S.C. § 1983, asserting claims that arose while he was incarcerated at Attica Correctional Facility ("Attica") against defendants Correction Officer N. Vespa ("Vespa") and Correction Officer M. Overhoff ("Overhoff") (collectively "Defendants"). (Dkt. 1). Pending before the Court is Defendants' motion for summary judgment, to which Plaintiff has filed no opposition. (Dkt. 13). For the reasons that follow, the Court denies Defendants' motion for summary judgment.

## FACTUAL BACKGROUND

Plaintiff failed to file a response to Defendants' Statement of Undisputed Facts (Dkt. 13-1), which was submitted in accordance with Local Rule of Civil Procedure 56. Plaintiff was warned by the Court that if he failed to file the required response, "all material facts set forth in Defendants' statement of material facts not in dispute will be deemed admitted." (Dkt. 14 at 2). Accordingly, the Court treats the material facts set forth in Defendants' Statement of Undisputed Facts as true to the extent they are supported by the record. *See*

- 1 -

*Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003). Considering Plaintiff's *pro se* status, the Court in its discretion has conducted an independent review of the record to ascertain whether disputes of material fact exist that would preclude summary judgment in favor of Defendants. *See Daley v. Cablevision Sys. Corp.*, No. 12-cv-6316 (NSR), 2016 WL 880203, at *1 (S.D.N.Y. Mar. 7, 2016), *aff'd*, 675 F. App'x 97 (2d Cir. 2017).

Plaintiff alleges that he was assaulted by Defendants on May 4, 2022, causing multiple physical injuries. (Dkt. 1 at 3-4). The next day, Plaintiff was transferred to the special housing unit at the Cayuga Correctional Facility, where he remained for two weeks. (Dkt. 13-1 at ¶ 2; Dkt. 13-3 at 10). Plaintiff contacted the Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigations ("OSI") and alleged that he had been assaulted at Attica. (Dkt. 13-1 at ¶ 3; Dkt. 13-3 at 12). OSI investigated and found the allegations to be unsubstantiated. (*Id.*). Plaintiff did not exhaust a grievance regarding the alleged assault. (Dkt. 13-1 at ¶ 1; Dkt. 13-3 at 5-7).

## PROCEDURAL BACKGROUND

Plaintiff filed his complaint on December 2, 2022, in the Eastern District of New York. (Dkt. 1). This action was transferred to this District on December 16, 2022. On January 17, 2023, this action was administratively closed because Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) was incomplete. (Dkt. 6). After receiving an extension of time, Plaintiff submitted a new application to proceed *in forma pauperis* on April 14, 2023. (Dkt. 9; Dkt. 10). Upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court entered an Order on August 31, 2023, finding that Plaintiff had asserted plausible claims of excessive force in violation of the Eighth Amendment against

Defendants in their individual capacities, and his claims were allowed to proceed to service. (Dkt. 11). The Court dismissed any claims against Defendants in their official capacities because the Eleventh Amendment bars such claims. (*Id.* at 2).

Defendants appeared in this action, and they filed a motion for summary judgment in lieu of an answer on October 11, 2023. (Dkt. 13). Plaintiff was ordered to file a response, for which he requested and received an extension of time, until December 21, 2023. (Dkt. 14; Dkt. 16; Dkt. 17). On January 8, 2024, Plaintiff filed a second motion for an extension of time to respond, also until December 21, 2023. (Dkt. 18). Because Plaintiff had received an extension to the already-passed deadline and did not provide an updated reason for requiring a second extension of time, the motion was denied without prejudice. (Dkt. 19). Plaintiff did not file a response.

On July 18, 2024, in light of the Second Circuit's recent decision in *Alford v. NFTA-Metro*, No. 23-197, 2024 WL 2239014 (2d Cir. May 17, 2024), the Court provided Plaintiff with an updated notice regarding Rule 56 motions for summary judgment. (Dkt. 20). Plaintiff was given another opportunity to file by August 9, 2024, a response in opposition to Defendants' motion for summary judgment. (*Id.*). Plaintiff again did not file a response to the motion for summary judgment.

## DISCUSSION

### I. Legal Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The standard for granting summary judgment is the same whether the motion is made in lieu of an answer or after discovery has occurred—the moving party must demonstrate that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 206 (2d Cir. 2003). "Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a metaphysical doubt concerning the facts, or on the basis of conjecture or surmise." *Beckford v. N.Y. State Off. of Mental Health*, No. 06-CV-00561(Sr), 2010 WL 1816689, at *5 (W.D.N.Y. May 3, 2010) (quotation omitted). An inmate's failure to exhaust administrative remedies may properly be considered on a motion for summary judgment made in lieu of an answer. *See Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (granting summary judgment motion made in lieu of answer where inmate failed to file grievances/appeals).

"Where one party is proceeding *pro se*, the Court reads the *pro se* party's papers liberally and interprets them 'to raise the strongest arguments that they suggest.'" *Thorne v. Lewis*, No. 3:19cv24(VLB), 2021 WL 4324475, at *2 (D. Conn. Sept. 23, 2021) (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015)). Despite this liberal approach, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). When a pre-answer motion for summary judgment has been filed, a *pro se* litigant must be given notice of his ability to seek

discovery and submit evidence relevant to the issues raised in the motion. *Alford*, 2024 WL 2239014, at *1 (citing *Hernandez v. Coffey*, 582 F.3d 303, 309 (2d Cir. 2009)).

## II.     Exhaustion of Administrative Remedies

Defendants argue that they are entitled to summary judgment on Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies. (Dkt. 13-4 at 4-5). Defendants rely on DOCCS' records indicating that no active or closed grievances were filed under Plaintiff's identification number, 13A3328. (Dkt. 13-3 at 5-6). Defendants include an affidavit from Rachel Seguin, the Director of the DOCCS' Incarcerated Grievance Program, certifying that the DOCCS records are a "complete, true and exact copy of lists showing any grievances appealed to and received by the Central Office Review Committee (CORC) for incarcerated individual Andrew Baxter, #13-A-3328, as of October 4, 2023." (*Id.* at 7).

While the submissions by Defendants establish that Plaintiff did not pursue a grievance related to the alleged assault, they fail to establish the grievance process that Plaintiff needed to follow. Indeed, Defendants do not even mention or identify the process that was available to Plaintiff and required under the circumstances. This is not something that can just be assumed by the Court—rather, Defendants must meet their burden of proof. Thus, Defendants have not established their right to summary judgment.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, the evidence must demonstrate the "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Garraway v. Smith*, No. 12-CV-924S, 2020 WL 491328, at *3 (W.D.N.Y. Jan. 30, 2020) (plaintiff must "fully complete the administrative review process before commencing [an] action"). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). As such, "[t]he exhaustion inquiry . . . requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011).

"Failure to exhaust administrative remedies is an affirmative defense, and when raised as a basis for summary judgment, the defendant 'bears the initial burden of establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute.'" *Deleon v. Ayers*, No. 16-CV-6848L, 2023 WL 171889, at *2 (W.D.N.Y. Jan. 12, 2023) (internal citation omitted and quoting *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)), *appeal filed* (2d Cir. Feb. 8, 2023)); *see Saeli v. Chautauqua Cnty., N.Y.*, 36 F.4th 445, 453 (2d Cir. 2022) (same). Here, Defendants have failed to meet

- 7 -

their burden of establishing that a grievance process exists and applies to this action because they did not identify "legally sufficient source[s] such as statutes, regulations, or grievance procedures . . . ." *See Hubbs*, 788 F.3d at 59 (quotation omitted).  Defendants generally refer to the PLRA's exhaustion remedies requirement but do not discuss state statutes, regulations, or grievance procedures applicable to Plaintiff's situation at Attica. Defendants make a conclusory argument—with no citations—that a grievance process was available to Plaintiff in which "prison officials would be afforded the opportunity to hear Plaintiff's complaint and address his concerns[.]"  (*See* Dkt. 13-4 at 5).  While Defendants point to Plaintiff's transfer to a new facility and his filing of a complaint with OSI and the instant action as indicative that the grievance process was available to him, their argument lacks any underlying support or details.  "[A] district court is 'obligated to establish the availability of an administrative remedy from a legally sufficient source' before it may dismiss a prisoner's complaint for failure to exhaust his administrative remedies[]." *Hubbs*, 788 F.3d at 61 (quoting *Snider v. Melindez*, 199 F.3d 108, 114 (2d Cir. 1999)); *see also Feliciano v. Anderson*, No. 15-CV-4106 (LTS) (JLC), 2017 WL 1189747, at *8 (S.D.N.Y. Mar. 30, 2017) ("Although it is entirely possible that a grievance procedure applied to Feliciano's . . . claims and that Feliciano failed to avail himself of this procedure, defendants have not directed the Court to such a procedure or established its applicability.").  Because Defendants have not met their burden to establish the remedies available to Plaintiff, they are not entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Court denies Defendant's motion for summary judgment. (Dkt. 13).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   August 19, 2024
         Rochester, New York